# United States Bankruptcy Court
## District of New Mexico

## Document Verification

| | |
|---|---|
| **Case Title:** | **Crossingham Trust, et al. v. Robert P. Baines, et al.** |
| **Case Number:** | **04-01123** |
| **Nature of Suit:** | |
| **Judge Code:** | **M** |
| **Reference Number:** | **04-01123 - M** |

### Document Information

**Number:** 49

**Description:** Notice of Appeal to District Court by Robert P. Baines, Deann M. Baines RE: [45-1] Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment. Statement of Issues Due: 1/30/06; Designation of Items Due: 1/30/06; Transcript Order Form Due: 1/30/06, [47-1] Judgment for Plaintiff Stacy L. Crossingham, Plaintiff Allan Crossingham, and Crossingham Trust against Defendant Robert P. Baines. Crossingham Trust, Stacy L. Crossingham ; Statement of Issues Due: 1/30/06 ; Designation of Items Due: 1/30/06 ; Transcript Order Form Due: 1/30/06 .

**Size:** 2 pages (20k)

| | | | | | |
|---|---|---|---|---|---|
| **Date Received:** | 01/20/2006 01:37:50 PM | **Date Filed:** | 01/20/2006 | **Date Entered On Docket:** | 01/20/2006 |

### Court Digital Signature    [View History]

41 01 e2 d9 64 0c 60 df 26 b8 30 a3 3e 7a f9 4f 8d 24 e4 24 26 fa 61 b3 92 f7 33 12 c2 b1 5a ea 71 9b 20 15 bf 63 56 28 30 9f 7c 0c cd 3f 67 83 68 fa c5 15 b9 b6 93 d3 05 fc ca 73 9f bb d8 0e a2 d5 19 b7 85 9c ba 47 64 e8 cb a6 a1 58 23 1a 37 fd fb 3c db b3 d9 2a 14 cc 21 80 0a 8b f5 91 bb 2e b0 0f 7f d0 f2 65 ff 8e 27 62 14 2d 39 e4 f7 c1 a0 d9 cb c1 2e 1a 97 ff fb 3a c8 75 77 c3

### Filer Information

**Submitted By:** Theresa M Duncan

**Comments:** Notice of Appeal receipt# 0393-PV 255.00

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Friday, January 20, 2006*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ROBERT P. BAINES AND
DEANN M. BAINES,

       Debtor(s).

CROSSINGHAM TRUST,            No.:      7-03-17210 MS
Stacy Crossingham and
Allan Crossingham, Trustees,

       Plaintiffs,

vs.                         Adversary No.:    04-01123 M

ROBERT P. BAINES and
DEANN M. BAINES,

       Defendants,

## NOTICE OF APPEAL

Defendants Robert and Deann Baines, appeal, to the United States District Court, under

28 U.S.C. § 158(a) from the order of the bankruptcy judge denying in part defendants' motion

for partial summary judgment and from the judgment in favor of the plaintiffs entered in this

adversary proceeding on the 10th day of January, 2006

The names of all parties to the judgment, order, or decree appealed from and the names,

addresses, and telephone numbers of their respective attorneys are as follows:

Crossingham Trust,
Stacy Crossingham and
Allan Crossingham, Trustees,           Yvette J. Gonzales
Michael W. Wile                    Chapter 7 Trustee
Bingham, Hurst, Apodaca & Wile, P.C.    PO Box 1037
3908 Carlisle Blvd. NE            Placitas, NM 87043-1037
Albuquerque, NM 87107-4504      505-771-0700
505-881-4545

Dated: January 20, 2006

Respectfully Submitted,

FREEDMAN BOYD DANIELS HOLLANDER
& GOLDBERG, P.A.


By: ___s/submitted electronically___
       Joseph Goldberg
       Theresa M. Duncan
       20 First Plaza, Suite 700
       Albuquerque, NM 87102
       (505) 842-9960

       David P. Garcia
       Garcia & Vargas, LLC
       303 Paseo de Peralta
       Santa Fe, NM 87501
       (505) 982-1873

       Diane P. Webb
       P.O. Box 1156
       Albuquerque, NM 87103-1156
       (505) 243-0600

       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was sent by U.S. mail this 20th day of January, 2006, to:

Michael W. Wile
Bingham, Hurst, Apodaca & Wile, P.C.
3908 Carlisle Blvd. NE
Albuquerque, NM 87107-4504

Yvette J. Gonzales
Chapter Z. Trustee
P.O. Box 1037
Placitas, NM 87043-1037

       _s/ submitted electronically___
       Theresa M. Duncan

2

# United States Bankruptcy Court
## District of New Mexico

## Document Verification

| | |
|---|---|
| **Case Title:** | **Crossingham Trust, et al. v. Robert P. Baines, et al.** |
| **Case Number:** | 04-01123 |
| **Nature of Suit:** | |
| **Judge Code:** | M |
| **Reference Number:** | 04-01123 - M |

### Document Information

| | |
|---|---|
| **Number:** | 45 |
| **Description:** | Order Granting in Part, Denying in Part [26-1] Motion For Partial Summary Judgment on Plaintiff's Complaint by Deann M. Baines, Robert P. Baines . |
| **Size:** | 2 pages (11k) |

| | | | | | |
|---|---|---|---|---|---|
| **Date Received:** | 01/10/2006 03:24:17 PM | **Date Filed:** | 01/10/2006 | **Date Entered On Docket:** | 01/10/2006 |

### Court Digital Signature
[View History]

aa ba fc 17 24 14 4e 53 3d 3f c7 41 b2 9e f9 14 21 f8 13 e6 c2 46 98 4f 50 da 89 a4 78 4d 49 b2 00 ed 98 b0
51 74 90 26 e6 7f 70 7b 88 87 03 c3 d2 bf 36 ca e8 95 fe bf 6a 7a 16 da 7d 27 d1 1c b1 4d 4f ad 74 8f 43 12
7e db ef 98 84 62 17 48 b3 c4 e8 65 fd ff d5 55 a2 aa 71 6e d6 1c f8 4c ae 93 90 db b0 73 80 77 a6 a7 c3 a3
d0 b0 2c a5 8a 84 16 f3 b3 58 1d c8 df 67 24 79 2f 5b 3d df

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |
| **Comments:** | Order Granting, in part, Denying, in part, Defendants' Motion for Partial Summary Judgment |

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Friday, January 20, 2006*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:  ROBERT P. BAINES and                                No. 7-03-17210 MS
        DEANN M. BAINES,

        Debtors.

---

CROSSINGHAM TRUST,
Stacy Crossingham and
Allan Crossingham, Trustees,

        Plaintiffs,

v.                                                          Adversary No. 04-1123 M

ROBERT P. BAINES and
DEANN M. BAINES,

        Defendants.

YVETTE J. GONZALES,
Trustee,

        Third-Party Plaintiff,

v.

CROSSINGHAM TRUST,
Stacy Crossingham and
Allan Crossingham, Trustees,

        Third-Party Defendants.

## ORDER GRANTING, IN PART, and DENYING, IN PART, DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

IN ACCORDANCE with the Court's Memorandum filed herewith,

IT IS HEREBY ORDERED, that Defendants' Motion for Partial Summary Judgment is GRANTED in favor of Defendant Deann Baines on Plaintiffs' claim for non-dischargeability of debt under 11 U.S.C. § 523(a)(4).

ORDERED FURTHER, that the remainder of Defendants' Motion for Partial Summary Judgment is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I hereby certify that a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered, or mailed to the listed counsel and parties, on the date file-stamped above.

Michael W. Wile                              Joseph Goldberg
Attorney for Plaintiffs                      Attorney for Defendants
3908 Carlisle Blvd. NE                       PO Box 25326
Albuquerque, NM 87107                        Albuquerque, NM 87125

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

# United States Bankruptcy Court
## District of New Mexico

## Document Verification

| | |
|---|---|
| **Case Title:** | **Crossingham Trust, et al. v. Robert P. Baines, et al.** |
| **Case Number:** | **04-01123** |
| **Nature of Suit:** | |
| **Judge Code:** | **M** |
| **Reference Number:** | **04-01123 - M** |

### Document Information

**Number:** 47

**Description:** Judgment For Plaintiff Stacy L. Crossingham, Plaintiff Crossingham Trust, Plaintiff Allan Crossingham Against Defendant Robert P. Baines RE: [1-1] Complaint NOS 426 to Determine Dischargeability of Debt in the amount of $59,776.77. It is ordered that such amount is not dischargeable in defendant's bankruptcy proceeding.

**Size:** 2 pages (11k)

| Date Received: | 01/10/2006 03:25:46 PM | Date Filed: | 01/10/2006 | Date Entered On Docket: | 01/10/2006 |
|---|---|---|---|---|---|

### Court Digital Signature

View History

4f d9 44 0b e8 3a f4 8f 05 7b 12 2a b1 e6 66 83 41 66 c5 1d fb a7 3c 32 9f ff f7 32 c6 b6 77 10 b4 6c de 46
dd ba 64 0a f2 00 91 9a 5e ed 46 42 fa 8f 55 57 29 8b 30 d9 16 63 9f e6 d5 54 cc e0 e4 97 a4 6d 1e 6c 57 22
5e cd ca 2b db d6 9f 36 1a 66 56 81 6c 5f 5a 24 e5 c5 91 90 7e 39 ab 3f c8 a6 3c 30 68 23 64 74 3d cc a6 a8
60 08 bc 4d d9 3a 9c 24 59 0a b7 25 8f 0f e3 9a 2c 16 af bf

### Filer Information

**Submitted By:** Patti Hennessy

**Comments:** Judgment

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Friday, January 20, 2006*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   ROBERT P. BAINES and                                    No. 7-03-17210 MS
         DEANN M. BAINES,

         Debtors.

_____

CROSSINGHAM TRUST,
Stacy Crossingham and
Allan Crossingham, Trustees,

         Plaintiffs,

v.                                                               Adversary No. 04-1123 M

ROBERT P. BAINES and
DEANN M. BAINES,

         Defendants.

YVETTE J. GONZALES,
Trustee,

         Third-Party Plaintiff,

v.

CROSSINGHAM TRUST,
Stacy Crossingham and
Allan Crossingham, Trustees,

         Third-Party Defendants.


## <u>JUDGMENT</u>

IN ACCORDANCE with the Court's Memorandum entered herewith, judgment in the amount

of $59,776.77 is hereby entered in favor of Plaintiffs Crossingham Trust, Stacy Crossingham and Allan

Crossingham, Trustees, and against Defendant Robert P. Baines on Plaintiffs' claim for non-

dischargeability of debt under 11 U.S.C. § 523(a)(4).    Such amount is not dischargeable in

Defendant's bankruptcy proceeding.

_____

MARK B. McFEELEY
United States Bankruptcy Judge

I hereby certify that a true and correct copy of the foregoing was either electronically
transmitted, faxed, delivered, or mailed to the listed counsel and parties, on the date file-stamped
above.

Michael W. Wile                          Joseph Goldberg
Attorney for Plaintiffs                  Attorney for Defendants
3908 Carlisle Blvd. NE                   PO Box 25326
Albuquerque, NM 87107                    Albuquerque, NM 87125

_____

Patti G. Hennessy
Law Clerk
(505) 348-2545

# United States Bankruptcy Court
# District of New Mexico

## Document Verification

**Case Title:**       **Crossingham Trust, et al. v. Robert P. Baines, et al.**
**Case Number:**     **04-01123**
**Nature of Suit:**
**Judge Code:**       **M**
**Reference Number:** **04-01123 - M**

### Document Information

**Number:**   48

**Description:** Memorandum Opinion re: [32-1] Motion For Summary Judgment by Stacy L. Crossingham, Crossingham Trust, Allan Crossingham, [26-1] Motion For Partial Summary Judgment on Plaintiff's Complaint by Deann M. Baines, Robert P. Baines .

**Size:**     26 pages (54k)

**Date Received:** 01/10/2006 03:23:13 PM   **Date Filed:** 01/10/2006   **Date Entered On Docket:** 01/10/2006

### Court Digital Signature

View History

64 4c c2 cc 1a 9c 67 fb c5 fd ab ba 36 04 bc 9b a9 1f 16 39 b5 74 9a ca d0 d6 08 5c 7a 34 2a 8b a4 32 c4 fb e7 34 37 29 a8 9c 44 a1 50 ed a0 4d 50 4f ba a4 c0 96 40 31 34 f5 ec 57 e3 6c b3 b2 2a 90 fc 31 24 1b 11 71 56 f0 85 46 0d cd e6 39 5b 61 6b f3 f8 8a 09 91 35 92 69 12 33 00 e9 50 77 93 c5 e6 2f 3b 9f b7 36 59 1c e3 d1 dc 22 e5 bf 40 e2 7b 2c c7 66 e4 ab 4f 07 0b c0 24 58 65

### Filer Information

**Submitted By:** Patti Hennessy

**Comments:**   Memorandum Opinion

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Friday, January 20, 2006.* If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   ROBERT P. BAINES and             No. 7-03-17210 MS
         DEANN M. BAINES,

         Debtors.

---

CROSSINGHAM TRUST,
Stacy Crossingham and
Allan Crossingham, Trustees,

       Plaintiffs,

v.                                  Adversary No. 04-1123 M

ROBERT P. BAINES and
DEANN M. BAINES,

       Defendants.

YVETTE J. GONZALES,
Trustee,

       Third-Party Plaintiff,

v.

CROSSINGHAM TRUST,
Stacy Crossingham and
Allan Crossingham, Trustees,

       Third-Party Defendants.

## **MEMORANDUM**

THIS MATTER is before the Court on cross motions for summary judgment. Defendants

Robert P. Baines and Deann M. Baines, by and through their attorneys of record, Freedman Boyd

1

Daniels Hollander & Goldberg, P.A. (Joseph Goldberg), filed a Motion for Partial Summary Judgment

and memorandum in support thereof on March 25, 2005; Plaintiffs Crossingham Trust, Stacy

Crossingham and Allan Crossingham, Trustees, by and through their attorneys of record, Bingham,

Hurst, Apodaca & Wile, P.C. (Michael W. Wile), filed a Motion for Summary Judgment on March 27,

2005. Plaintiffs filed a response to Defendant's Motion for Summary Judgment, and Defendants filed a

reply to Plaintiffs' Motion for Summary Judgment. The Court heard oral argument on the cross

motions for summary judgment on July 20, 2005 and took the matter under advisement.

## STANDARD

Summary judgment is governed by Rule 56, Fed.R.Civ.P., made applicable to bankruptcy

proceedings by Rule 7056, Fed.R.Bankr.P. Summary judgment is appropriate when there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule

56(c), Fed.R.Civ.P. Cross motions for summary judgment raise an inference that summary judgment

will be appropriate; however, the Court must nevertheless determine whether plaintiff or defendant

independently satisfies the requirements for summary judgment and whether there is a genuine issue of

material fact that would preclude summary judgment. *In re Harris*, 209 B.R. 990, 998 (10th Cir. BAP

1997) (citing *Renfro v. City of Emporia*, 948 F.2d 1529, 1534 (10th Cir. 1991) and *SEC v.*

*American Commodity Exch., Inc.*, 546 F.2d 1361, 1365 (10th Cir. 1976)). "[A] party opposing a

properly supported motion for summary judgment may not rest on mere allegation or denials of his

pleading, but must set forth specific facts showing that there is a genuine issue for trial" through

affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether genuine issues of material fact preclude

2

summary judgment, the Court will construe the evidence in the light most favorable to the party

opposing summary judgment. *Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996).   In light of these

standards the Court will consider the cross motions for summary judgment.

## BACKGROUND AND POSITIONS OF THE PARTIES

The Complaint seeks a determination of non-dischargeability of a particular debt pursuant to 11

U.S.C. § 523(a)(2)(A) (debt obtained by false pretenses, a false representation or fraud), or 11 U.S.C.

§ 523(a)(4) (debt for fraud or defalcation while acting in a fiduciary capacity) arising from a

construction contract between the Plaintiffs, as owners, and Defendant Robert Baines, as qualifying

party for his business, Building Unlimited by Baines, Inc. ("Building Unlimited"), to develop certain

commercial real property located in Santa Fe, New Mexico.   Plaintiffs assert that certain funds paid to

Robert Baines pursuant to the contract were not used to pay subcontractor invoices, such that Plaintiffs

were either forced to pay the outstanding invoices themselves, or are subject to liens filed by the unpaid

subcontractors against the property, and that under existing bankruptcy law interpreting the New

Mexico statutes governing the licensing of general contractors, Robert Baines was acting in a fiduciary

capacity making such debt non-dischargeable under 11 U.S.C. § 523(a)(4).  *See Allen v. Romero (In*

*re Romero),* 535 F.2d 618 (10th Cir. 1976). Because Robert Baines admits that certain subcontractor

invoices for which he submitted payment applications to Plaintiffs and upon which he received payment

nevertheless remained outstanding, Plaintiffs assert that they are entitled to summary judgment on their

claim for non-dischargeability based on a defalcation while acting in a fiduciary capacity pursuant to 11

U.S.C. § 523(a)(4).

Defendants assert that changes to the New Mexico statute at issue subsequent to the Tenth

3

Circuit's decision in *Allen v. Romero* question the continuing vitality of *Allen v. Romero* to non-dischargeability actions under 11 U.S.C. § 523(a)(4) predicated on the New Mexico statute. Defendants assert that summary judgment should be granted in their favor for the following reasons: 1) Plaintiffs have failed to make any allegations of misrepresentation or fraud sufficient to sustain a cause of action for non-dischargeability under 11 U.S.C. § 523(a)(2)(A); 2) *Allen v. Romero* is no longer good law, such that Defendant Robert Baines was not acting in a fiduciary capacity which would give rise to a claim for non-dischargeability of certain debt under 11 U.S.C. § 523(a)(4); and 3) that Defendant Deann Baines' only connection to Baines Construction and Baines Limited was her position as an officer and shareholder of Defendants' corporation, and that absent any evidence of her participation in the alleged fraud, Plaintiffs cannot sustain a non-dischargeability action against her.

UNDISPUTED FACTS

The following facts are undisputed:

1. Robert Baines and Deann Baines filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 12, 2003.

2. The case was converted to Chapter 7 on February 18, 2004.

3. Stacy Crossingham and her husband, Allan Crossingham, are trustees of the Crossingham Trust.

4. Building Unlimited is a New Mexico corporation organized for the purpose of doing construction work. Building Unlimited holds a construction license. Robert Baines is the qualifying party for the license issued by the New Mexico Construction Industries Division to Building Unlimited, and served as the qualifying party for Building Unlimited during all times material to this action.

4

(Complaint, ¶ 4; Answer ¶ 4).

5. Robert Baines is the 51% shareholder, and president of Building Unlimited. Deann Baines holds the remaining 49% of the shares of Building Unlimited, and also serves as a corporate officer. (Plaintiffs' Motion for Summary Judgment, Statement of Undisputed facts No. 19; Defendant's Memorandum in Support of Motion for Partial Summary Judgment ("Defendant's Memorandum") Statement of Undisputed Material Facts, No. 2 and 3. Deposition of Robert P. Baines (Defendant's Exhibit 1) (statement of financial affairs).

6. The deposition of Robert P. Baines ("Baines Deposition") includes the following question and answer:

Q. Other than your wife and yourself, were there any other individuals that played a significant role in managing that corporation [Building Unlimited]?

A. No.

Baines Deposition, p. 16, lines 4-7.

7. In July of 2002, Stacy Crossingham and Allan Crossingham, as trustees of the Crossingham Trust entered into a construction contract with Building Unlimited for the construction of office condos in Santa Fe, New Mexico ("Lot 3 Project"). Building Unlimited was the general contractor for the Lot 3 Project. (Plaintiffs' Motion for Summary Judgment, Statement of Undisputed Facts Nos. 33 - 38; Defendant's Memorandum, Statement of Undisputed Material Facts, No. 8).

8. The construction contract for the Lot 3 Project was a cost-plus contract, meaning that the consideration to be paid to Building Unlimited was "the cost of work as defined in article 5 and a contractors fee of 13% overhead and 7% profit." Contract, Section 4.1 (Exhibit 2 to Baines

5

Deposition; Plaintiffs' Motion for Summary Judgment, Statement of Undisputed Facts No. 39;

Defendants' Memorandum, Statement of Undisputed Material Facts, No. 15).

9.   Crossingham advanced $45,000.00 to Building Unlimited at the beginning of the Lot 3

Project.  (Plaintiffs' Motion for Summary Judgment, Statement of Undisputed Facts No. 42;

Defendants' Memorandum, Statement of Undisputed Material Facts, No. 13).

10.  Building Unlimited submitted invoices ("Payment Applications") to Crossingham Trust for

the charges of subcontractors and/or suppliers in connection with work performed on the Lot 3 Project.

11.  The Payment Applications listed work performed by various subcontractors and amounts

due to various suppliers, and included amounts attributable to overhead and profit.  (Baines Deposition,

attachments to Exhibit 2; Defendant's Memorandum, Statement of Undisputed Facts No. 15).

12.  After making adjustments to some of the requested amounts, Crossingham Trust paid

Building Unlimited for the first seven Payment Applications.  (Defendants' Memorandum, Statement of

Undisputed Material Facts, ¶ 17).

13.  As of August 18, 2003, Building Unlimited had not paid $68,746.19[1] of the amounts due

to subcontractors for  work reported and included in Payment Applications #1 - #7, and for which

Building Unlimited received payment from Crossingham Trust. (Defendants' Memorandum, Statement

---

[1]Exhibit 14 attached to Defendants' Memorandum reflects a handwritten correction to reduce
the amount attributable to A & G Heating and Air Conditioning by $20.00, resulting in a discrepancy
between the amount typed on Exhibit 14 and the amount admitted in Defendants' Memorandum,
Statement of Undisputed Material Facts. ($68,746.19 vs. $68,726.19). The Court does not find that
this $20.00 difference creates a genuine issue of material fact.

of Undisputed Material Facts, ¶¶17, 31, 32, 33, 34, 35, and 37 and Exhibit 14 to Defendants'

Memorandum; Plaintiffs' Memorandum, Statement of Undisputed Material Facts ¶ 55, 56, and Exhibit

2, p. 18).

## DISCUSSION

A.   Fraud under 11 U.S.C. § 523(a)(2)

Debts that arise as a result of fraud are not dischargeable in bankruptcy pursuant to 11 U.S.C.

§ 523(a)(2). That section provides, in relevant part:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does
> not discharge an individual debtor from any debt –
>> (2) for money, property, services, or an extension, renewal, or refinancing of
>> credit, to the extent obtained by --
>>> (A) false pretenses, a false representation, or actual fraud, other than a
>>> statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

To prevail on a cause of action under 11 U.S.C. § 523(a)(2)(A), the creditor must prove, by a

preponderance of evidence, the following elements:   "The debtor made a false representation; the

debtor made the representation with the intent to deceive the creditor; the creditor relied on the

representation; the creditor's reliance was reasonable [justifiable]; and the debtor's representation

caused the creditor to sustain a loss." *Fowler Bros v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th

Cir. 1995); *Field v. Mans*, 516 U.S. 59, 74-75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (establishing

"justifiable" standard for creditor's reliance upon creditor's false representation); *Grogan v. Garner*,

498 U.S. 279, 285-287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (establishing preponderance

of evidence standard for dischargeability actions).

7

Intent to deceive is a question of fact which can be inferred based on the totality of circumstances. *Young,* 91 F.3d at 1375 ("[T]he debtor's intent to deceive the creditor in making false representations to the creditor, 'may be inferred from the 'totality of the circumstances.'" (quoting *Schwalbe v. Gans (In re Gans),* 75 B.R. 474, 486 (Bankr.S.D.N.Y. 1987) (quoting *Eastern Food Serv., Inc. v. Leger (In re Leger),* 34 B.R. 873, 878 (Bankr.D.Mass.1983) (internal quotations omitted)). "Since a promisor does not usually admit fraudulent intent, the plaintiff must prove circumstances substantial enough to support an inference that there was intent to defraud." *In re Abraham,* 247 B.R. 479, 483 (Bankr.D.Kan. 2000) (citation omitted).

Defendants assert that Plaintiffs have failed to make allegations that Robert Baines or Deann Baines made any fraudulent misrepresentations, such that summary judgment should be granted in favor of Defendants on Plaintiffs' claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A).[2] The Complaint alleges that Defendants submitted invoices to Plaintiffs for the charges of various subcontractors and suppliers, that Plaintiffs paid Defendants according to those invoices, and that Defendants converted the funds received to their own use. Plaintiffs allege that the resulting debt is a

---

[2]A party can meet its burden of proving that summary judgment is appropriate by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A request for summary judgment based on a lack of supporting evidence is similar to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7012, Fed.R.Bankr.P. In reviewing a motion to dismiss for failure to state a claim, the Court must accept all allegations of the Complaint as if they were true, and consider those allegations in the light most favorable to the non-moving party. *In re Ivenux, Inc.,* 298 B.R. 442, 445 (Bankr.D.Colo. 2003) (quoting *County of Santa Fe, N.M. v. Public Service Co. of New Mexico,* 311 F.3d 1031, 1034 (10th Cir.2002) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999)).

8

debt for money obtained by false pretenses, a false representation, or actual fraud.  Plaintiffs' Response

to Defendants' Motion for Partial Summary Judgment argues that each Payment Application represents

an implied representation that subcontractor and supplier costs have been incurred, and that the

absence of a supplier or subcontractor on a subsequent Payment Application is an implied

representation that the costs from the prior Payment Application have been paid.  Plaintiffs contend that

Defendants' subsequent submission of Payment Applications on the Lot 3 Project at a time when

itemized costs on prior Payment Applications remained unpaid despite having received payment on the

Payment Application from Plaintiffs evidences an implied fraudulent representation rendering the

resulting debt non-dischargeable under 11 U.S.C. § 523(a)(2)(A).  Plaintiffs' Motion for Summary

Judgment details in the statement of undisputed facts the sequence of Payment Applications submitted

by Defendants, the payments Plaintiffs made based on those Payment Applications, and the supplier

and subcontractor invoices that remained outstanding after Plaintiffs paid Defendants.

 From these allegations, and the undisputed facts, it is possible to infer that all of the elements

required for a claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A) have been met and that

Defendants submitted the invoices to Plaintiffs with the requisite intent to defraud: Defendants made a

false representation to Plaintiffs that suppliers and contractors had been paid, Plaintiffs justifiably relied

on such representation and continued to pay Defendants based on the submitted Payment Applications,

and were harmed when funds which should have been used to pay subcontractors and suppliers were

not used to pay such expenses.[3]  Similarly, although  allegations in the Complaint are not very specific

---

[3]*Cf. Allen v. Romero,* 535 F.2d at 622 (finding that the elements to establish fraud were met
by the fact that "the money advanced by Allen was to be used to pay for all work, labor and materials

with regard to Plaintiffs' claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A), based on the

allegations that Plaintiffs paid Defendants in accordance with the invoices Defendants submitted and that

the money received was converted to Defendants' own use, Plaintiff has stated a cause action under 11

U.S.C. § 523(a)(2)(A).

However, neither these allegations, nor the undisputed facts are sufficient to grant summary

judgment in favor of Plaintiffs on their claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A).

The issue of fraudulent intent, central to a claim for non-dischargeability under 11 U.S.C. §

523(a)(2)(A) is a material issue which is not easily subject to adjudication by summary judgment. *In re*

*Redden,* 234 B.R. 49, 51 (Bankr.D.Del. 1999) (citations omitted).  Summary judgment will not,

therefore, be granted in favor of either party on the claim for non-dischargeability under 11 U.S.C. §

523(a)(2)(A).

B.  Fiduciary Duty under 11 U.S.C. § 523(a)(4)

Debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"

are non-dischargeable debts.  11 U.S.C. § 523(a)(4).   Plaintiffs contend that Defendant Robert Baines

committed a defalcation while acting in a fiduciary capacity by failing to use funds paid to Defendant

under the terms of a construction contract for their intended purpose of paying the expenses and costs

associated with the Lot 3 Project.  To prevail on a claim for non-dischargeability under 11 U.S.C. §

---

and that at the time the advances were made all materialmen, laborers and subcontractors were not
paid; that Romero knew these representations were false when made inasmuch as he subsequently
admitted that there were numerous unpaid bills on the Allen four-plexes; that the representations were
made for the sole purpose of obtaining additional funds from Allen; and that Allan advanced money to
Romero on the representations that the funds advanced were being used to pay materialmen, laborers
and subcontractors on the Allen four-plexes.")

523(a)(4) based on a defalcation while acting in a fiduciary capacity, the plaintiff must satisfy the following two requirements: "(1) the existence of a fiduciary relationship between the debtor and the objecting party, and (2) a defalcation committed by the debtor in the course of that fiduciary relationship." *Antlers Roof-Truss and Builders Supply v. Storie (In re Storie),* 216 B.R. 283, 286 (10th Cir. BAP 1997) (citing *Young,* 91 F.3d at 1371). Whether there is a fiduciary relationship between the creditor and the debtor is a threshold question. *Id.; In re Neal,* 324 B.R. 365, 370 (Bankr.W.D.Okla. 2005) (citation omitted).

The fiduciary duty contemplated by 11 U.S.C. § 523(a)(4) is very narrow. *See Holaday v. Seay (In re Seay),* 215 B.R. 780, 786 (10th Cir. BAP 1997) (noting that the Tenth Circuit in *Young* interpreted the phrase "fiduciary capacity" narrowly.); *Neal,* 324 B.R. at 370 ("The Tenth Circuit has taken a very narrow view of the concept of fiduciary duty under this section."). Whether a fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4) exists is a question of federal law, but state law is relevant to the determination of whether a trust relationship exists. *Storie,* 216 B.R. at 370; *Young,* 91 F.3d at 1371. Fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4) is present only when there is an express or technical trust. *See Allen v. Romero,* 535 F.2d at 621 ("[T]he exception under § 17(a)(4) [the predecessor under the former Bankruptcy Act to § 523(a)(4)] applies only to technical trusts and not those which the law implies from a contract.") (citation omitted). "Neither a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power, is sufficient to establish a fiduciary relationship for purposes of dischargeability." *Young,* 91 F.3d at 1372 (citations omitted). Further, the trust cannot arise as a result of the wrongdoing. *Allen v. Romero,* 535 F.2d at 621 ("[T]he fiduciary relationship must be shown to

11

exist prior to the creation of the debt in controversy.") (citing *Davis v. Aetna Acceptance Co.*, 293

U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934)). "Trusts imposed by state statutes are technical trusts,

which may lead to the existence of a fiduciary relationship." *Neal*, 324 B.R. at 370. *See also, In re*

*Woods*, 284 B.R. 282, 288 (noting that "[a] technical trust may arise as a result of defined obligations

imposed upon the debtor by state or federal statute.") (citing *Allen v. Romero*, 535 F.2d at 622).

In *Allen v. Romero*, the Tenth Circuit examined the New Mexico statute governing licensed

contractors, and found that the New Mexico statute "clearly imposes a fiduciary duty upon contractors

who have been advanced money pursuant to construction contracts." 535 F.2d at 621. The Tenth

Circuit reached this result by concluding that the fiduciary duty was imposed by law, since the obligation

not to divert funds was imposed by statute. *Id.* at 622. Thus the New Mexico statute constituted a

technical trust that imposed a fiduciary duty upon the debtor-contractor within the meaning of §

17(a)(4) of the Bankruptcy Act. Since *Allen v. Romero* was decided, courts within the Tenth Circuit

have relied on *Allen v. Romero* in concluding that state statutes which impose a fiduciary duty upon the

debtor constitute technical trusts within the meaning of 11 U.S.C. § 523(a)(4). *See, e.g., In re Neal*,

324 B.R. 365 (Bankr.W.D.Okla. 2005) (finding that Oklahoma construction trust fund statutes

imposed fiduciary duty within the meaning of § 523(a)(4), but that actions of the debtor-contractor did

not fall within the scope of the fiduciary duty imposed by the statute); *Prudential-Bache Securities,*

*Inc. v. Sawyer (In re Sawyer)*, 112 B.R. 386 (D.Colo. 1990) (concluding that Colorado Commodity

Exchange Act created a technical trust); *In re Specialized Installers, Inc.*, 12 B.R. 546 (Bankr.Colo.

1981) (finding that Colorado trust lien statute created an express trust). At the time *Allen v. Romero*

was decided, the New Mexico statute at issue provided that a contractor's license could be revoked or

12

suspended on the following grounds:

> G. diversion of funds or property received for prosecution or completion of a specific contract, or for a specified purpose in the prosecution or completion of any contract, obligation or purpose.

> N.M.S.A. 1953 § 67-35-26(G) (1967).

This subsection of the statute was subsequently amended, and now provides as follows:

> F. conversion of funds or property received for prosecution or completion of a specific contract or for a specified purpose in the prosecution or completion of any contract, obligation or purpose, as determined by a court of competent jurisdiction.

> N.M.S.A. 1978 § 60-13-23(F) (Repl. Pamp. 1997).

Defendants assert that the change in the language of the statute from "diversion" to "conversion" and the additional language "as determined by a court of competent jurisdiction" abrogates the conclusion in *Allen v. Romero* that the New Mexico statute imposes a fiduciary duty within the meaning of the non-dischargeability statute. This Court disagrees.

As pointed out by Plaintiffs in their Response to Defendants' Motion for Partial Summary Judgment, "statutes should not be construed to alter common law principles absent an explicit statement of legislative intent to do so." *In re Valente*, 360 F.3d 256, 261 (1st Cir. 2004) (citing *Shaw v. R.R.Co.*, 101 U.S. 557, 565, 25 L.Ed. 892 (1879)). The New Mexico statute at issue changed the word "diversion" to "conversion . . . as determined by a court of competent jurisdiction." "Conversion" under New Mexico law is generally defined as "the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Nosker v. Trinity Land Co.*, 107 N.M. 333, 337-338, 757 P.2d 803,

13

807-808 (Ct.App. 1988)(citations omitted). As defined in Black's Law Dictionary, there are several

types of conversion, including the following:

> Direct conversion. The act of appropriating the property of another to one's own
> benefit, or to the benefit of another. A direct conversion is per se unlawful, and the
> traditional requirements of demand and refusal of the property do not apply.;
>
> Constructive conversion. Conversion consisting of an action that in law amounts to the
> appropriation of property. Constructive conversion could be, for example, an
> appropriation that was initially lawful.
>
> Fraudulent conversion. Conversion that is committed by the use of fraud, either in
> obtaining the property or withholding it.
>
> Black's Law Dictionary, pp. 333-334 (Bryan A. Garner, ed. 7[th] ed. 1999).

These definitions suggest that conversion may or may not have a wrongful intent requirement. As

recognized by the Ninth Circuit in *In re Peklar*, 260 F.3d 1035, 1039 (9th Cir. 2001) in considering

whether the bankruptcy court correctly determined that a conversion did not constitute a willful and

malicious injury as required under 11 U.S.C. § 523(a)(6), a conversion can be negligent or merely

"innocent or technical." *See also, In re McKnew*, 270 B.R. 593, 638-639 (Bankr.E.D.Va. 2001)

(noting that cases considering whether conversion meets the requirements for non-dischargeability

under 11 U.S.C. § 523(a)(6) "have focused on the distinction as to whether the conversion was an

intentional one or merely a reckless or negligent conversion of property . . . the key in conversion cases

is to . . . determine whether the conversion is in the nature of an intentional tort or whether the

conversion is the result of a negligent or reckless tort--but not willful or malicious.") (citations omitted).

   In interpreting the meaning of the word "conversion" within the context of the New Mexico

statute, the Court finds that none of the traditional definitions of conversion fit neatly within the overall

14

scheme of the Construction Industries Licensing Act (the "Act"), N.M.S.A. 1978 §§ 60-13-1 thru 60-13-59 (Repl. Pamp. 1997), or more specifically, the remainder of the language contained in § 60-13-23(F) which is directed specifically at "funds or property received for prosecution or completion of a specific contract or for a specified purpose in the prosecution or completion of any contract, obligation or purpose. . ." N.M.S.A. 1978 § 60-13-23(F).   The purpose of the Act is the same now as it was when *Allen v. Romero* was decided.  It provides "a comprehensive method for the licensing and control of contractors in order to protect the public from either irresponsible or incompetent contractors." *Peck v. Ives,* 84 N.M. 62, 63, 499 P.2d 684, 685 (1972); *Roth v. Thompson,* 113 N.M. 331, 332-333, 825 P.2d 1241, 1242-1243 (1992) (noting that the purpose of the Act is to protect the public by ensuring a "'healthy, ordered market in which consumers may contract with competent, reliable construction contractors who have passed the scrutiny of a licensing division.'") (quoting *Mascarenas v. Jaramillo,* 111 N.M. 410, 413, 806 P.2d 59, 62 (1991)).  *See also,* N.M.S.A. 1978 § 60-13-1.1 (Repl. Pamp. 1997) ("The purpose of the Construction Industries Licensing Act [this article] is to promote the general welfare of the people of New Mexico by providing for the protection of life and property by adopting and enforcing codes and standards for construction . . .").

The words contained in the New Mexico statute when *Allen v. Romero* was decided did not include specific language identifying a trust *res,* a trustee, and a beneficiary, yet the Tenth Circuit nevertheless found that the statute clearly imposed a fiduciary duty upon contractors as required for a determination of non-dischargeability based on fraud or defalcation while acting in a fiduciary capacity. The language, as changed, still does not contain express trust language, but the intended purpose of the

15

statute nevertheless remains the same. The Court, therefore, finds that the legislature did not intend to abrogate the holding of *Allen v. Romero* when it changed the language of the statute. *Allen v. Romero* remains controlling law within this Circuit, and still applies to the New Mexico statute at issue. The Court concludes that N.M.S.A. 1978 § 60-13-23(F) (Repl. Pamp. 1997) creates a technical trust within the meaning of 11 U.S.C. § 523(a)(4), and that for purposes of the New Mexico statute, "conversion," like "diversion," means the failure by the contractor who is entrusted with funds to be used for a specific project to use the funds for their intended purpose.

Defendants assert that the current New Mexico statute as amended is similar to the Utah statute at issue in *Neal v. Dickey (In re Neal)*, 3 B.R. 330 (Bankr.D.Utah 1980). In *Neal v. Dickey*, the Utah Bankruptcy Court found that the Utah statute at issue did not impose fiduciary duties within the meaning of 11 U.S.C. § 523(a)(4). *Id.* at 334. A close examination of the language in the Utah statute indicates that the Utah statute is different from the New Mexico statute in one significant respect. The Utah statute requires a "'willful and deliberate diversion of funds.'" *Id.* (quoting Utah Code Ann. § 58-23-14). Thus, the Utah statute includes a specific intent to harm requirement that is not present in the New Mexico statute. As discussed above, "conversion" may or may not be the result of a specific intent to harm, but in any event, the Court finds that the use of the word "conversion" in place of the word "diversion" does not substantively change the meaning or intended purpose of N.M.S.A. 1978 § 63-13-23(F) (Repl. Pamp. 1997). In addition, even if the change in the statute from "diversion" to "conversion" somehow altered the nature of the fiduciary duty, the change does not alter the fact that the New Mexico statute imposes a fiduciary relationship on contractors who receive funds intended for a specific purpose. *Cf. In re Regan*, 326 B.R. 175, 179 (D.Colo. 2005) (concluding not that the

16

statute did not create a fiduciary duty, but rather that the statute did not apply because "the time for filing and perfecting the same [lien] ha[d] passed . . . and, thus, the fiduciary relationship existent during the perfection period expired.").

Defendants argue that because the Lot 3 Project was a commercial building project, as opposed to a residential project, they should not be held to the heightened level of protection afforded to small residential developments as is indicated by and provided in the Stop Notice Act. *See* N.M.S.A. 1978 § 48-2A-1 through § 48-2A-12 (Repl. Pamp. 1995) ("[T]he purpose of the Stop Notice Act is to: provide for timely payment by an original contractor to persons contracted with to furnish labor or materials incorporated or to be incorporated in residential construction . . ." N.M.S.A. 1978 § 48-2A-2 (Repl. Pamp. 1995)). This argument fails to acknowledge that the statute at issue applies to all contractors, not just contractors who work on residential projects.

Having established that *Allen v. Romero* applies to the current New Mexico statute and that the applicable New Mexico statute imposes a fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4) as a matter of law, the Court will next examine whether the undisputed facts establish that Defendants committed a defalcation in breach of their fiduciary duty sufficient to conclude that the debt at issue is non-dischargeable under 11 U.S.C. § 523(a)(4). Defalcation within the meaning of 11 U.S.C. § 523(a)(4) is defined as:

> a fiduciary-debtor's failure to account for funds that have been entrusted to it due to any breach of fiduciary duty, whether intentional, willful, reckless, or negligent. Furthermore, the fiduciary-debtor is charged with knowledge of the law and its duties.
>
> *Storie*, 216 B.R. at 288.

Thus, for a defalcation to occur, the debtor-fiduciary need not have willfully intended the harm. *Id.* at

17

287 (discussing Judge Learned Hand's decision in *Central Hanover Bank & Trust Co. v. Herbst*, 93,

F.2d 510 (2nd Cir. 1937) and stating that "it is generally recognized . . . that 'defalcation' applies to

conduct that does not reach the level of fraud, embezzlement, misappropriation or larceny . . .'")

(collecting cases).

In this case Defendant Robert Baines admits that $68,726.19 of the debt attributable to

suppliers and/or subcontractors listed in Payment Applications #5, #6, and #7 for which Crossingham

Trust paid Building Unlimited remained outstanding, but asserts that additional Payment Applications for

work performed in connection with the Lot 3 Project were submitted to Crossingham Trust for which

Building Unlimited did not get paid, and that the Crossingham Trust owed Building Unlimited additional

monies for work on a related project for which Building Unlimited did not get paid.   Defendant Robert

Baines asserts that Plaintiffs prevented him from paying the subcontractors because Plaintiffs refused to

pay additional amounts due to Building Unlimited, which he would have used to pay the outstanding

contractor invoices.   This argument lends support to the position that Defendant Robert Baines' failure

to pay subcontractors for work performed was not the result of any fraudulent intent, but it fails to

deflect the object of a claim for breach of fiduciary duty based on a technical trust: namely, a failure to

account.

Defendants' Motion for Summary Judgment fails to assert that all funds that Building Unlimited

received from the Crossingham Trust, including the initial downpayment of $45,000.00 and the

payments received for Payment Applications #1 - #7 were used to pay costs and expenses associated

with the Lot 3 Project.   Deposition testimony of Robert Baines states that the funds were used to pay

overhead costs associated with the "overall project", but no evidence has been presented to show how

18

the funds received for Payment Applications #1-#7 were used. Because the existence of a fiduciary

duty gives rise to liability for a failure to account, the burden is upon the Defendants to show that all

funds entrusted to him have been applied to their intended purpose, in this case, the Lot 3 Project. *See*

*Storie*, 216 B.R. at 288 n.3 (agreeing with the Ninth Circuit's decision in *Otto v. Niles (In re Niles)*,

106 F.3d 1456, 1460-1462 (9th Cir. 1997) determining that the debtor bears the burden of rendering

an accounting upon a showing of a fiduciary relationship between the parties); *Klenda v. Hogue (In re*

*Hogue)*, 221 B.R. 786, 794 (Bankr.N.D.Okla. 1998) (once plaintiff has shown that the defendant is a

fiduciary within the meaning of § 523(a)(4) and that the defendant has not paid the creditor funds

entrusted to him, the burden shifts to the debtor to render an accounting of the funds entrusted to him in

order to show compliance with fiduciary duties) (quoting *Young*, 91 F.3d at 1371). *But see Neal*, 324

B.R. at 371 (refusing to read *Storie* so broadly as to conclude that a defalcation under § 523(a)(4)

occurs any time a fiduciary fails to account for all funds entrusted, but rather, that a defalcation occurs

when the failure to account is the result of a breach of fiduciary duty).[4]  Defendant has failed to make

this showing.  And because Defendant does not dispute that $68,726.19 attributable to Payment

Applications for the Lot 3 Project for which he received payment remained outstanding, he has not

raised an issue of genuine material fact that would prevent the entry of summary judgment in favor of

Plaintiffs on their claim for non-dischargeability of debt under 11 U.S.C. § 523(a)(4).

     Plaintiffs assert that they are entitled to damages in the amount of $59,776.77. This figure is

---

[4]The Court finds the reasoning in *Neal* makes a distinction that has no difference in application.
If, under *Neal*, a debtor must account to show that he has complied with his fiduciary duties, it follows
that if he has failed to account, he has, by definition, failed to comply with his fiduciary duties so that a
failure to account necessitates a finding that there was a breach of fiduciary duty.

based on the amounts Plaintiffs' have paid to subcontractors and suppliers that were listed in Payment Applications 1 - 7 in addition to the amounts Plaintiffs paid to Defendants on those Payment Applications.   The figure also includes $23,318.15 attributable to two claims of lien recorded against the property by subcontractors and suppliers that Plaintiffs have not yet paid.   In *Allen v. Romero,* the Tenth Circuit affirmed the bankruptcy court's award of damages representing the difference between the contract price the parties agreed to and the actual cost of completing the project incurred as a result of the debtor's fraud while acting in a fiduciary capacity. *Allen v. Romero,* 535 F.2d at 622 n.3.  Also included in the damages figure were costs attributable to the loss on the sale of the property and attorneys' fees incurred as a result of litigation over the purchaser's termination of a contract to purchase the completed project. *Id.* at 622-623.  Here, Plaintiffs have offered sufficient evidence that they have expended $36,458.62 as a result of Defendants' failure to pay the sub-contractors and suppliers listed on Payment Application # 1-7, and face claims of lien in the combined amount of $23,318.15 attributable to two other sub-contractors.  Thus the Plaintiffs have sufficiently offered evidence of damages in the total amount of $59,776.77, and summary judgment will be entered in favor of Plaintiffs for this amount.  As part of this adversary proceeding, Defendants filed a counterclaim against Plaintiffs for prima facie tort which the Court has declined to hear. *See* Order Dismissing Counterclaim for Prima Facie Tort Against Crossingham Trust, Stacy Crossingham, and Allan Crossingham, Trustees, Without Prejudice (Docket # 43).  Any amount determined non-dischargeable in this adversary proceeding is subject to offset by any judgment amount Defendants may obtain against Plaintiffs in connection with their claim for prima facie tort.

Finally, although the contract was between Plaintiffs and the Defendants' corporation, Building

20

Unlimited, Robert Baines can nevertheless be held personally liable. It is undisputed that Robert Baines

was the qualifying party for the contractor's license issued to Building Unlimited. Under New Mexico

law, "[a] qualifying party who is issued a certificate of qualification is an individual who submits to be

examined and who is responsible for the licensee's compliance with the Act." *State v. Jenkins,* 108

N.M. 669, 670, 777 P.2d 908, 909 (N.M. App. 1989) (citing N.M.S.A. 1978 § 60-13-2(E), (F)).

Bankruptcy courts have also imposed personal liability under 11 U.S.C. § 523(a)(4) on individuals

whose corporations were the technical fiduciary. *See, e.g., Woodworking Enterprises, Inc. v. Baird*

*(In re Baird),* 114 B.R. 198, 205 (9th Cir. BAP 1990) (finding that corporate officers could not avoid

the application of § 523(a)(4) by substituting the corporation as the fiduciary); *Sun Life Insurance Co.*

*of America v. Koszuth (In re Koszuth),* 43 B.R. 104, 108 (Bankr.N.D.Fla. 1984) ("When a

corporation as an entity is placed in a fiduciary capacity it is the corporate officer who is charged with

performing the fiduciary duties . . . . [i]f the fiduciary relationship is not imposed on the corporate officer

charged with maintaining the fiduciary relationship, then § 523(a)(4) could be rendered meaningless . .

."). Because Defendant Robert Baines is the qualifying party for Building Unlimited, he is charged with

carrying out the fiduciary duties imposed by N.M.S.A. 1978 § 63-13-23(F) (Repl. Pamp. 1997), and

as majority shareholder and president of Building Unlimited, it is appropriate to impose personal liability

on Defendant Robert Baines in accordance with 11 U.S.C. § 523(a)(4).

      C.  Liability of Deann Baines

      Defendants assert that summary judgment should be granted in favor of Defendant Deann

Baines because Plaintiffs have not alleged any direct wrongdoing on the part of Deann Baines.  With

regard to Plaintiffs' claim for non-dischargeability under 11 U.S.C. § 523(a)(4), the Court agrees that

21

summary judgment in favor of Defendant Deann Baines is appropriate.   Plaintiffs assert that Deann

Baines, because of her connection to Building Unlimited, also served in a fiduciary capacity.  But Deann

Baines is not the qualifying party for the contractor's license issued to Building Unlimited.  The statute

upon which Plaintiffs rely to create a technical trust and a consequent fiduciary duty within the meaning

of 11 U.S.C. § 523(a)(4) applies to the "licensee or qualifying party of the licensee." N.M.S.A. 1978

§ 60-13-23(A) (Repl. Pam. 1997).  It is undisputed that Building Unlimited is the licensee and

Defendant Robert Baines is the qualifying party for the licensee.  Because Defendant Deann Baines is

neither the licensee nor the qualifying party, Defendant Deann Baines is not a fiduciary under the New

Mexico statute.  N.M.S.A. 1978 § 60-13-23(A) (Repl. Pamp. 1997) ("if the *licensee* or *qualifying*

*party* . . .") (emphasis added).  Defendant Deann Baines is, therefore, entitled to judgment as a matter

of law on Plaintiffs' claim for non-dischargeability against Defendant Deann Baines pursuant to 11

U.S.C. § 523(a)(4).

    Defendants assert that summary judgment should also be granted in favor of Defendant Deann

Baines on Plaintiffs' claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) because Defendant

Deann Baines' only connection to Building Unlimited is her position as shareholder and officer.

Defendants argue that because it is undisputed that Defendant Deann Baines was not involved in the

negotiation of the contract for the Lot 3 Project and did not participate in the planning or execution of

the construction on the Lot 3 Project, Plaintiffs cannot sustain a cause of action for non-dischargeability

based on fraud under 11 U.S.C. § 523(a)(2)(A) as a matter of law.

    It is correct that generally "a corporate officer or shareholder, by virtue of that status alone is

not liable for the acts or debts of the corporation . . . . even when the officer controls the operations of

22

the corporation or is the sole shareholder of the corporation." *In re Tinkler,* 311 B.R. 869, 874-875

(Bankr.D.Colo. 2004). And while it is undisputed that Defendant Deann Baines was both a

shareholder and officer of Building Unlimited, Plaintiffs have not alleged that Defendant Deann Baines

actively participated in the fraud Plaintiffs allege was committed by Defendant Robert Baines.

However, fraud pursuant to 11 U.S.C. § 523(a)(2)(A) can be imputed between spouses based on

agency principals when there is evidence that the "innocent" spouse was involved in a business

relationship with the "wrongdoing" spouse that gave rise to the debt. *See In re Tsurukawa,* 287 B.R.

515, 527 (9th Cir. BAP 2002) ("In order to impute fraud to a spouse, there must be a 'partnership or

other agency relationship.'") (quoting *In re Tsurukawa,* 258 B.R. 192, 198 (9th Cir. BAP 2002); *In re*

*Banke,* 275 B.R. 317, 329 (Bankr.N.D.Iowa 2002) ("If a husband and wife are partners in a

business, separate from the marital relationship, both may be held responsible for the fraudulent acts of

one of them.") (citing *Spence v. Tatum,* 960 F.2d 65, 66 (8th Cir.1992) and *Sunkyong Int'l, Inc. v.*

*Anderson Land & Livestock Co.,* 828 F.2d 1245, 1249 (8th Cir.1987)); *First USA, Inc. v. Savage*

*(In re Savage),* 176 B.R. 614, 615-616 (Bankr.M.D.Fla. 1994) (noting that courts have imputed

fraud from one spouse to another based on agency principles where the spouses were involved in some

sort of business or partnership relationship in addition to their marital relationship) (citing *In re Luce,*

960 F.2d 1277 (5th Cir. 1992) (per curiam), *In re Paolino,* 75 B.R. 641 (Bankr.E.D.Pa. 1987), and

*In re Walker,* 726 F.2d 452 (8th Cir. 1984)). "Where there are no facts showing individual culpability

on the part of an "innocent" spouse, fraud can still be imputed under partnership or agency principles if

that spouse is also a business partner of the fraudulent spouse." *Tsurukawa,* 287 B.R. at 527

(paraphrasing *In re Luce),* 960 F.2d at 1284 n.10).

23

The undisputed facts now before the Court are insufficient to grant summary judgment on this

issue to either of the parties as a matter of law.  Plaintiffs reference the following deposition testimony as

evidence that Defendant Deann Baines actively participated in the management and operations of

Building Unlimited:

> Q.  Other than your wife and yourself, were there any other individuals that played a significant
> role in managing that corporation [Building Unlimited]?
>
> A.  No.
>
> Deposition of Robert Baines (*See* Undisputed Fact No. 6, *supra*).

This question and answer is the only evidence Plaintiffs have submitted in support of their Motion for

Summary Judgment to show that the debt should be non-dischargeable as to Defendant Deanne Baines

under 11 U.S.C. § 523(a)(2)(A).  Because this question contains a compound subject ("your wife and

yourself") with no clarification to the answer, the Court cannot find that this undisputed fact establishes

as a matter of law that Defendant Deann Baines participated in Building Unlimited sufficiently to make

her a principal for purposes of imputing fraud to her based on agency theories.  Nor has there been a

sufficient showing for purposes of summary judgment that Defendant Deann Baines knew or should

have known of the wrongdoing and benefitted from it, which evidence might serve as additional support

for finding Defendant Deann Baines liable for the alleged fraud committed by Defendant Robert

Baines.[5]

---

[5]*See Walker v. Citizens State Bank (In re Walker)*, 726 F.2d 452, 454 (8th Cir. 1984) (per curiam) (having found an agency relationship between spouses, denial of discharge is justified only when there is sufficient evidence that the principal knew or should have known of the fraud, or was recklessly indifferent to the acts of his agent) (citation omitted); *Taylor Freezer Sales of Arizona, Inc. v. Oliphant (In re Oliphant)*, 221 B.R. 506, 509-511 (denying defendant's motion to dismiss non-

Similarly, Defendant Deann Baines has not submitted an affidavit in support of summary

judgment stating that she did not participate in the day to day activities of the business.  Defendant

Robert Baines submitted an affidavit stating that although his wife, Deann Baines, is an officer of

Building Unlimited, she was not involved in the execution of the contract with Plaintiffs nor did she

participate in the performance of the contract nor in the activities or events of which Plaintiffs complain.

(*See* Exhibit 10 to Defendants' Memorandum).  The affidavit of Robert Baines is inconclusive to

determine whether Defendant Deann Baines participated in the day to day business activities of Building

Unlimited when considered in light of the deposition testimony relied upon by Plaintiffs.  Thus, the Court

cannot find as a matter of law that there was no agency relationship between Defendant Robert Baines

and Defendant Deann Baines that would preclude a determination of non-dischargeability under 11

U.S.C. § 523(a)(20(A).  Material questions of fact as to Defendant Deann Baines' role in Building

Unlimited prevent the entry of summary judgment in favor of either party on Plaintiffs' claim for non-

dischargeability of debt against Defendant Deann Baines under 11 U.S.C. § 523(a)(2)(A).

Based on the foregoing, the Court concludes that Plaintiffs are entitled to summary judgment on

their claim for non-dischargeability of debt against Defendant Robert Baines based on defalcation while

acting in a fiduciary capacity in accordance with 11 U.S.C. § 523(a)(4).  Defendant Deann Baines is

---

dischargeability action based on fraud where plaintiff alleged that "innocent" spouse "knew or should
have known that the money was fraudulently received," reasoning that knowledge on the part of the
innocent spouse and benefit to the community may be sufficient to infer that "one spouse shared in the
other spouse's fraudulent conduct and had the requisite intent him or herself."); *In re Vasile,* 297 B.R.
893, 902 (Bankr.M.D.Fla. 2003) (refusing to impute fraudulent intent of one spouse to the other absent
evidence that the spouse to whom intent is sought to be imputed was aware of the spouse's misconduct
and participated in the use or enjoyment of the ill-gotten gains.) (citing *Synod of S. Atlantic
Presbyterian Church v. Magpusao (In re Magpusao),* 265 B.R. 492, 498 (Bankr.M.D.Fla. 2001)).

25

entitled to summary judgment on the claim for non-dischargeability based on 11 U.S.C. § 523(a)(4),

but questions of material fact preclude summary judgment as to Plaintiffs' claim for non-dischargeability

under 11 U.S.C. § 523(a)(2)(A) against both Defendants.   This Memorandum constitutes the Court's

findings of fact and conclusions of law entered in accordance with Rule 7052, Fed.R.Bankr.P.   A

judgment will be entered accordingly.

MARK B. McFEELEY
United States Bankruptcy Judge

I hereby certify that a true and correct copy of the foregoing was either electronically
transmitted, faxed, delivered, or mailed to the listed counsel and parties, on the date file-stamped
above.

Michael W. Wile
Attorney for Plaintiffs
3908 Carlisle Blvd. NE
Albuquerque, NM 87107

Joseph Goldberg
Attorney for Defendants
PO Box 25326
Albuquerque, NM 87125

Patti G. Hennessy
Law Clerk
(505) 348-2545

26