IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: ROBERT P. BAINES and
DEANN M. BAINES,

      Debtors.

CROSSINGHAM TRUST, STACY
CROSSINGHAM and ALLAN
CROSSINGHAM, Trustees,

      Plaintiffs/Appellees,

vs.                                             Civil No. 06-63 RB/RHS
                                               Adversary Pro. No.: 04-01123 M
ROBERT P. BAINES and                     Bankruptcy No.: 7-03-17210 MS
DEANN M. BAINES,

      Defendants/Appellants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
<u>RECOMMENDED DISPOSITION ON BANKRUPTCY APPEAL</u>**

      **THIS MATTER** comes before the Court on an appeal by Debtors/Appellants Robert P. Baines and Deann M. Baines ("the Baines") from the United States Bankruptcy Court's order and judgment entered on cross-motions for summary judgment in an adversary proceeding.[1] See <u>In re Baines</u>, 337 B.R. 392 (Bankr. D.N.M. 2006). After conducting a *de novo* review, this Court recommends that the United States Bankruptcy Court's judgment in favor of Plaintiffs/Appellees Crossingham Trust, Stacy Crossingham and Allan Crossingham, Trustees ("the Crossinghams")

---

      [1]The Baines have elected to have their appeal heard by this Court instead of the Bankruptcy Appellate Panel pursuant to 28 U.S.C. §158(c)(1) and Rule 8001(e) of the Federal Bankruptcy Code.

-1-

and against Robert Baines on the Crossinghams' claim for non-dischargeability of debt under 11 U.S.C. §523(a)(4) be affirmed. The Court also recommends that the Bankruptcy Court's order denying summary judgment to the Baines on the Crossinghams' claim for non-dischargeability of debt based on §523(a)(2)(A) be affirmed.

## *Background*[2]

In July of 2002, the Crossinghams entered into a construction contract with Building Unlimited[3] for the construction of office condos in Santa Fe, New Mexico ("Lot 3 Project"). Building Unlimited is a New Mexico construction corporation and was the general contractor for the Lot 3 Project. The construction contract for the Lot 3 Project was a cost-plus contract, meaning that the consideration to be paid to Building Unlimited was "the cost of work as defined in article 5 and a contractors fee of 13% overhead and 7% profit." (Memorandum at 5 ¶ 8 (quoting Contract, Section 4.1, Ex. 2 to Baines deposition attached to Plaintiffs' Motion for Summary Judgment)).

During the course of construction, Building Unlimited submitted invoices ("Payment Applications") to the Crossinghams for the charges of subcontractors and/or suppliers in connection with work performed on the Lot 3 Project. The Payment Applications listed work performed by subcontractors, amounts due to various suppliers and included amounts attributable

---

[2] The factual and procedural background is taken from the background and undisputed facts sections of the Bankruptcy Court's Memorandum. (See Memorandum, filed January 23, 2006 **[Doc. 1]**).

[3] Mr. and Mrs. Baines are the sole shareholders, directors and officers of Building Unlimited. Mr. Baines is president of Building Unlimited and the "qualifying party" for the construction license issued by the New Mexico Construction Industries Division to Building Unlimited.

to overhead and profit. The Crossinghams paid Building Unlimited for the first seven Payment Applications. As of August 18, 2003, Building Unlimited had not paid $68,746.19 due to subcontractors for work reported and included in Payment Applications #1 - #7, and for which Building Unlimited received payment from the Crossinghams. Building Unlimited was apparently unable to pay these debts and filed a petition for bankruptcy on September 12, 2003.

The Crossinghams filed a complaint alleging that the debt incurred by the Baines during the construction contract was non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) (debt obtained by false pretenses, false representation or fraud), or §523(a)(4) (debt for fraud or defalcation while acting in a fiduciary capacity). The parties filed cross motions for summary judgment and on January 10, 2006, the Bankruptcy Court issued orders and judgments disposing of those motions.

### *Standard of Review*

The standard for reviewing a bankruptcy court's grant of summary judgment is *de novo*, affording no deference to its decisions on questions of law. In re Western Pacific Airlines, Inc., 273 F.3d 1288, 1290-91 (10th Cir. 2001) (citing Woodcock v. Chem. Bank, 144 F.3d 1340, 1342 (10th Cir. 1998), cert. denied, 525 U.S. 1075 (1999); Key v. Liquid Energy Corp, 906 F.2d 500, 505 (10th Cir. 1990)). A bankruptcy court's finding of fact will be rejected only if it is clearly erroneous. Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.), 111 F.3d 88, 89 (10th Cir. 1997).

Appellants challenge the Bankruptcy Court's decision on the parties' motions for summary judgment. Summary judgment is appropriate only if there is not sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 249 (1986).  Thus, the Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.  In considering a motion for summary judgment, the Court construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion.  Perry v. Woodward, 199 F.3d 1126 (10th Cir. 1999).

*Discussion*

The general issues before this Court are whether the Bankruptcy Court erred in granting summary judgment to the Crossinghams on their claim of non-dischargeability of debt against Mr. Baines based on defalcation while acting in a fiduciary capacity pursuant to § 523(a)(4), and in denying summary judgment in favor of the Baines on the Crossinghams' claim of non-dischargeability of debt under § 523(a)(2)(A).  The Baines specifically contend that the Bankruptcy Court erred in the following ways:  (1) in concluding that a fiduciary relationship existed between Mr. Baines and the Crossinghams under New Mexico law; (2) in concluding that "silence, without more, is sufficient to establish a fraudulent misrepresentation[,]"; and (3) in denying summary judgment in favor of Mrs. Baines on the Crossinghams' claim of fraud "given the complete lack of evidence that Mrs. Baines played any role in the management of Building Unlimited."  (Appellant's Brief-in-Chief ("Brief") at i, filed April 10, 2006 **[Doc. 10]**).

*Issue 1:  Whether the Bankruptcy Court erred in concluding that a fiduciary relationship existed between Mr. Baines and the Crossinghams*

The Bankruptcy Court found that the Baines' debt to the Crossinghams was non-dischargeable pursuant to 11 U.S.C. § 523(a)(4), which excludes from discharge those debts

arising from "fraud or defalcation while acting in a fiduciary capacity." In so finding, the Bankruptcy Court determined that under controlling precedent set forth in <u>Allen v. Romero (In re Romero)</u>, 535 F.2d 618 (10th Cir. 1976), New Mexico state law imposed a fiduciary duty on Mr. Baines within the meaning of the federal non-dischargeability statute.

The Baines argue that <u>Romero</u> is no longer controlling law in light of significant and determinative changes in New Mexico law, particularly the revisions to N.M.S.A. 1978 § 60-13-23(F) (Repl. Pamp. 1997) that have occurred since the <u>Romero</u> Court's consideration of an earlier version of the statute.[4] The Bankruptcy Court discussed the revisions to the statute, and this Court agrees with the Bankruptcy Court's conclusion that the New Mexico legislature did not intend to abrogate the holding of <u>Romero</u> with respect to the current version of the statute at issue.

The Baines also apparently argue that the Bankruptcy Court erred in finding <u>Romero</u> controlling law because its reasoning is inconsistent with later Tenth Circuit decisions and the decision has been criticized by other courts. However, Appellants do not cite to any Tenth Circuit or United States Supreme Court decision overruling <u>Romero</u>. This Court agrees with the Bankruptcy Court's conclusion that <u>Romero</u> remains controlling precedent in this Circuit.

> *Issue 2: Whether the Bankruptcy Court erred in concluding that silence, without more, is sufficient to establish a fraudulent misrepresentation*

The Bankruptcy Court concluded that the Baines were not entitled to summary judgment on the Crossinghams' claim of non-dischargeability of debt under 11 U.S.C. § 523(a)(2)(A), explaining that based on the "allegations, and the undisputed facts [as set forth in the Bankruptcy

---

[4] At the time <u>Romero</u> was decided, the statute was identified as N.M.S.A. 1953 § 67-35-26(G) (1967).

Court's Memorandum], it is possible to infer that all of the elements required for a claim of non-dischargeability under" § 523(a)(2)(A) have been met.  Appellants argue that the Bankruptcy Court erred in denying summary judgment to the Baines on this claim because the Baines never made any affirmative misrepresentation of fact to the Crossinghams.

In reaching its decision, the Bankruptcy Court specifically noted "the sequence of Payment Applications submitted by [the Baines], the payments [the Crossinghams] made based on those Payment Applications, and the supplier and subcontractor invoices that remained outstanding after [the Crossinghams] paid [the Baines]."  (Memorandum at 9).  A "false representation" may be implied for purposes of § 523(a)(2)(A).  See, e.g., Chevy Chase Bank v. Kukuk (In re Kukuk), 225 B.R. 778, 785 (10th Cir. B.A.P. 1998) (finding that "the use of a credit card creates an implied representation that the debtor intends to repay the debt incurred thereby").  This Court finds that the Bankruptcy Court did not err in denying summary judgment to the Baines on the Crossinghams' claim of non-dischargeability of debt pursuant to § 523(a)(2)(A).

*Issue 3:  Whether the Bankruptcy Court erred in denying summary judgment in favor of Mrs. Baines on the Crossinghams' claim of fraud*

The Bankruptcy Court denied summary judgment in favor of Mrs. Baines on the Crossinghams' claim of non-dischargeability of debt based on 11 U.S.C. § 523(a)(2)(A).  Appellants contend that the Bankruptcy Court erred in doing so, because the Crossinghams failed to offer any meaningful evidence showing that Mrs. Baines played a management role in Building Unlimited during the relevant time frame.

In denying summary judgment to Mrs. Baines on this claim, the Bankruptcy Court acknowledged that "the only evidence [the Crossinghams] have submitted . . . to show that the

debt should be non-dischargeable as to" Mrs. Baines is an exchange that occurred during the deposition of Mr. Baines.[5]  (Memorandum at 24).  The Bankruptcy Court further found Mr. Baines' affidavit to be "inconclusive" in determining whether Mrs. Baines participated in the day-to-day business of Building Unlimited and thus, concluded it could not find "as a matter of law that there was no agency relationship between [Mr. Baines] and [Mrs. Baines] that would preclude" a finding of non-dischargeability pursuant to § 523(a)(2)(A).  (Memorandum at 25).

Although the Bankruptcy Court noted that Mrs. Baines did not submit an affidavit denying her participation in the daily activities of the business in support of her motion for summary judgment, this Court does not agree with the Baines' contention that in noting that fact, the Bankruptcy Court "created a new and unfounded burden on Mrs. Baines." (Brief at 25).  This Court finds no error in the Bankruptcy Court's conclusion that material questions of fact as to Mrs. Baines' role precluded the entry of summary judgment in her favor on the Crossinghams' claim for non-dischargeability of debt against her under § 523(a)(2)(A).

## *Conclusion*

Having conducted a *de novo* review, in which it considered the parties' submittals and the relevant law, this Court concludes that the Bankruptcy Court did not err in its decisions with respect to the issues raised by Appellants.  For substantially the same reasons set forth by the Bankruptcy Court in its Memorandum, this Court recommends that the Bankruptcy Court's judgment in favor of the Crossinghams against Robert Baines on the Crossinghams' claim for non-dischargeability of debt under 11 U.S.C. §523(a)(4) and its order denying summary judgment

---

[5]At his deposition, Mr. Baines was asked: "Other than your wife and yourself, were there any other individuals that played a significant role in managing that corporation [Building Unlimited]?", to which Mr. Baines responded: "No."  (Memorandum at 24).

to the Baines on the Crossinghams' claim for non-dischargeability of debt based on §523(a)(2)(A) be affirmed.

                                              */s/ Robert Hayes Scott*
                                              ROBERT HAYES SCOTT
                                              UNITED STATES MAGISTRATE JUDGE